THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

METRILL KAY PRESLEY                                    PLAINTIFF

v.                                           CIVIL CASE NO. 3:23-CV-256-RP

COMMISSIONER OF SOCIAL SECURITY                        DEFENDANT

## OPINION AND JUDGMENT

Metrill Kay Presley seeks judicial review pursuant to 42 U.S.C. § 405(g) of the unfavorable

decision of the Commissioner of Social Security regarding an application for supplemental security

income.   The parties have consented to entry of final judgment by the United States Magistrate

Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the

Fifth Circuit.   The undersigned held a hearing on February 21, 2024.   Having considered the

record, the administrative transcript, the briefs of the parties, the oral arguments of counsel and the

applicable law, the undersigned finds the Commissioner's decision is supported by substantial

evidence and should be affirmed.

## Standard of Review

In determining disability, the Commissioner, through the Administrative Law Judge

("ALJ"), works through a five-step sequential evaluation process.[1]   The burden rests upon

plaintiff throughout the first four steps of this five-step process to prove disability, and if plaintiff

is successful in sustaining her burden at each of the first four levels, then the burden shifts to the

Commissioner at step five.[2]   First, plaintiff must prove she is not currently engaged in

---

[1]*See* 20 C.F.R. §§ 404.1520, 416.920 (2010).

[2]*Crowley v. Apfel,* 197 F.3d 194, 198 (5th Cir. 1999).

1

substantial gainful activity.[3]  Second, plaintiff must prove her impairment is "severe" in that it "significantly limits her physical or mental ability to do basic work activities . . . ."[4]  At step three the ALJ must conclude plaintiff is disabled if she proves that her impairments meet or are medically equivalent to one of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.09 (2010).[5]  If plaintiff does not meet this burden, at step four she must prove she is incapable of meeting the physical and mental demands of her past relevant work.[6]  At step five, the burden shifts to the Commissioner to prove, considering plaintiff's residual functional capacity, age, education and past work experience, that she is capable of performing other work.[7] If the Commissioner proves other work exists which plaintiff can perform, plaintiff is given the chance to prove that she cannot, in fact, perform that work.[8]

The court considers on appeal whether the Commissioner's final decision is supported by substantial evidence and whether the Commissioner used the correct legal standard.  *Crowley v. Apfel,* 197 F.3d 194, 196 (5th Cir. 1999), citing *Austin v. Shalala,* 994 F.2d 1170 (5th Cir. 1993); *Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir. 1990).  The court has the responsibility to scrutinize the entire record to determine whether the ALJ's decision was supported by substantial

[3]20 C.F.R. §§ 404.1520(b), 416.920(b) (2010).

[4]20 C.F.R. §§ 404.1520(c), 416.920(c) (2010).

[5]20 C.F.R. §§ 404.1520(d), 416.920(d) (2010).   If a claimant's impairment meets certain criteria, that claimant's impairments are "severe enough to prevent a person from doing any gainful activity."   20 C.F.R. § 416.925 (2003).

[6]20 C.F.R. §§ 404.1520(e), 416.920(e) (2010).

[7]20 C.F.R §§ 404.1520(g), 416.920(g) (2010).

[8]*Muse*, 925 F.2d at 789.

2

evidence and whether the proper legal standards were applied in reviewing the claim. *Ransom v. Heckler*, 715 F.2d 989, 992 (5th Cir. 1983). The court has limited power of review and may not reweigh the evidence or substitute its judgment for that of the Commissioner,[9] even if it finds that the evidence leans against the Commissioner's decision.[10] The Fifth Circuit has held that substantial evidence is "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999) (citation omitted). Conflicts in the evidence are for the Commissioner to decide, and if there is substantial evidence to support the decision, it must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The court's inquiry is whether the record, as a whole, provides sufficient evidence that would allow a reasonable mind to accept the conclusions of the ALJ. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "If supported by substantial evidence, the decision of the [Commissioner] is conclusive and must be affirmed." *Paul v. Shalala*, 29 F.3d 208, 210 (5th Cir. 1994), citing *Richardson v. Perales,* 402 U.S. 389, 390, 28 L.Ed.2d 842 (1971).

<u>**Commissioner's Decision**</u>

At step one of the sequential analysis, the ALJ found that the plaintiff has not engaged in substantial gainful activity since the alleged onset date. At step two, he found that the plaintiff has the severe impairments of: diabetes mellitus with neuropathy, carpal tunnel syndrome, obesity, hypertension, depressive disorder, anxiety disorder, rheumatoid arthritis, and

---

[9]*Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

[10]*Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).

osteoarthritis of the right knee (20 CFR 416.920(c)). At step three, he found that none of these impairments or combination of these impairments meets or medically equals a listed impairment. The ALJ then found that since June 11, 2019, the plaintiff has the residual functioning capacity ("RFC") to perform sedentary work except:

> she can stand or walk up to five hours in an eight-hour day. She can frequently climb, balance, and crawl and work around extreme cold. She can perform and sustain attention to tasks that are simple and repetitive and that take place in a routine work setting that experiences few day-to-day changes. She can frequently interact with supervisors, coworkers, and the public. She can frequently use her upper extremities for reaching, handling, and pushing/pulling.

At step four, the ALJ found that since June 11, 2019, the plaintiff has been unable to perform any past relevant work. Finally, at step five, the ALJ found that prior to October 25, 2022, considering the plaintiff's age, education, work experience, and RFC, jobs exist in significant numbers in the national economy that the plaintiff can perform, such as the jobs of turner, blower stuffer, and lens inserter. As such, the ALJ concluded that the plaintiff was not disabled prior to October 25, 2022. The ALJ then found that beginning on October 25, 2022, when the plaintiff's age category changed, a finding of "disabled" is directed by the Medical-Vocational Rules.

### Discussion

The plaintiff argues primarily that the ALJ misevaluated the plaintiff's severe impairment of carpal tunnel syndrome (CTS) by limiting the plaintiff to frequent – and not occasional – use of her upper extremities for reaching, handling, and pushing/pulling. According to the plaintiff, the July 2020 EMG/nerve conduction study revealing severe, poorly localizing median neuropathy bilaterally, suggestive of severe CTS, should have resulted in a limitation to only occasional manipulative activities, which would have resulted in a finding of disabled. However, the nerve conduction study contains no evidence of the plaintiff's actual functional

4

limitations associated with her CTS (which the ALJ found to be a severe impairment), and the study's findings do not automatically establish a limitation to occasional manipulative activities as the plaintiff argues. Further, in addition to discussing the nerve conduction study in his decision, the ALJ also noted the subsequent physical consultative examination findings of 5/5 grip strength in both hands, 10/10 gross and fine manipulative skills in both hands, normal sensation, and no evidence of muscular atrophy. These findings, along with other evidence cited by the ALJ, constitute substantial evidence supporting the ALJ's conclusion that the plaintiff's CTS, while severe, does not result in disabling manipulative limitations. *See Richardson v. Perales,* 402 U.S. 389, 402, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (holding written report by examining physician setting forth medical findings in area of competence may constitute substantial evidence supportive of an unfavorable decision despite presence of opposing medical evidence and testimony by claimant). There is no error here.

Next, the plaintiff argues that the ALJ failed to consider the physical consultative examiner's opinion that the plaintiff can lift and carry less than five pounds occasionally, a limitation that, if included in the RFC, would have resulted in a finding of disabled. However, as counsel acknowledged during oral argument in this matter, the ALJ expressly considered this opinion by the consultative examiner, explained why he found it unpersuasive, and cited medical evidence (including the results of the examiner's own examination) in support of his finding. There is no error here.

Next, the plaintiff challenges the ALJ's denial of the plaintiff's request to reopen the Commissioner's prior decision denying the plaintiff's application for Title II benefits. Even though the plaintiff's request was made more than four years after the notice of the initial

determination denying that application, the plaintiff argues that the four-year limitations period for reopening a decision for good cause does not apply under the applicable regulation because the ALJ's decision denying Title II benefits is erroneous on its face, as the ALJ in that decision found the plaintiff to be illiterate and yet able to perform past relevant work and other work that require certain levels of reading ability.   The Commissioner argues that the four-year limitations period applies and the plaintiff's request to reopen was untimely.   The court agrees with the Commissioner.

The regulation cited by the plaintiff allows the Commissioner to reopen an unfavorable decision denying Title II benefits "at any time" to correct an error "that appears on the face of the evidence that was considered when the determination or decision was made."   20 C.F.R. § 404.988(c)(8).   In the present case, even if the prior decision denying Title II benefits is erroneous on its face, the decision is not *evidence*, and the plaintiff points to no error "on the face of the evidence that was considered" by the ALJ when making that decision.   The plaintiff has failed to establish grounds for reopening the Commissioner's prior decision denying Title II benefits "at any time," and the four-year limitations period for reopening that decision for good cause expired before the plaintiff made his request to reopen it.

Moreover, regardless of whether the Commissioner may have reopened the prior decision upon a timely request or at any time, the U.S. Supreme Court has held that a decision not to reopen a prior final determination is not reviewable in the federal courts unless the claimant has challenged the Commissioner's action on constitutional grounds.   *Califano v. Sanders,* 430 U.S. 99, 108, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977) (explaining that holding otherwise would frustrate congressional purpose of statutory 60-day limitations period for seeking judicial review of

6

Commissioner's final decision on claim for benefits). In the present case, there being no constitutional challenge to the Commissioner's prior decision denying Title II benefits, the ALJ's denial of the plaintiff's request to reopen that decision is not reviewable.

Next, the plaintiff argues that the ALJ failed to consider the plaintiff's borderline age situation when he found the plaintiff disabled as of her 50th birthday under the grid rules but not as of six months earlier as the ALJ indicated he was inclined to do at the administrative hearing. However, a borderline age situation – in which the age categories will not be applied mechanically – exists "[w]hen we make a finding about your ability to do other work," and "you are within a few days to a few months of reaching an older age category, and using the older age category would result in a determination or decision that you are disabled." 20 C.F.R. § 416.963(b). No borderline age situation existed in the present case, where at the time of the ALJ's decision, the plaintiff had reached the age of 50 years and was not within a few days or months of reaching an older age category. Regardless of what the ALJ indicated he was inclined to do at the administrative hearing, he had no authority to apply the "approaching advanced age" category to the days or months preceding the plaintiff's 50th birthday when the plaintiff had reached that age category before the ALJ made the disability determination. The plaintiff's argument to the contrary is without merit.

Finally, the plaintiff argues that the ALJ erroneously found the plaintiff to have a limited education after indicating at the administrative hearing that he would find the plaintiff to have a marginal education, and after the Commissioner's prior decision denying Title II benefits found the plaintiff to be illiterate. The plaintiff points out that if the ALJ in this case had found the plaintiff to be illiterate as was found in the prior decision, under the grid rules she would have

7

been found disabled as of her 45th birthday instead of her 50th birthday. However, the ALJ was not bound by any findings in the prior decision, and the plaintiff, who obtained a 6th grade education, has demonstrated no error in the ALJ's not finding her to be an illiterate person, who generally "has had little or no formal schooling." 20 C.F.R. § 416.964(b)(1). As for the ALJ's finding that the plaintiff has a limited education (which generally means a 7th through the 11th grade level of formal education) as opposed to a marginal education (which generally means formal schooling at a 6th grade level or less), any error is harmless because a finding of a marginal education would not have resulted in an earlier entitlement to benefits under the grid rules.

For these reasons and for those announced on the record at the conclusion of oral argument, the court finds the Commissioner's decision is supported by substantial evidence, and it is AFFIRMED.

**SO ORDERED**, this the 22nd day of February, 2024.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE